Filed 6/20/24  P. v. Oregon CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN CARLOS OREGON,<br><br>    Defendant and Appellant. | F085634<br><br>(Super. Ct. No. BF131156C)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Poochigian, J. and Snauffer, J.

Juan Carlos Oregon (defendant) and three other individuals fired at police officers while evading arrest in a vehicle. A jury convicted defendant of two counts of first degree attempted premeditated murder and other charges. The trial court sentenced defendant to an aggregate term of 79 years to life in prison.

In April 2022, defendant filed a petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now § 1172.6).[2] The trial court dismissed the petition at the prima facie stage, without an evidentiary hearing. Defendant argues that the court erred in dismissing his petition based on its erroneous belief that he had been convicted of section 189, subdivision (f), felony murder of a police officer, which does not require proof of malice. The People concede that the court erred in dismissing defendant's petition without an evidentiary hearing because he was convicted of attempted murder (not felony murder) and the jury was instructed that he could be convicted on a natural and probable consequence theory.

We accept the People's concession and reverse.

## PROCEDURAL BACKGROUND

Two juries convicted defendant of attempted premeditated murder of a police officer (§§ 664, subds. (a), (e), 187, 189; counts 1 & 2), assault with a semiautomatic firearm (§ 245, subd. (d)(2); counts 3 & 4), possession of a stolen vehicle (§ 496d, subd. (a); count 8) and evading a peace officer (§ 2800.2; count 9).[3] Several sentence enhancement allegations were also found true.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to section 1172.6 in this opinion, which was in effect when defendant filed his petition.

[3]    Defendant was initially tried and convicted of all charges on April 29, 2011, but we ordered a retrial on all but count 9 because statements of nontestifying codefendants were erroneously admitted against defendant in violation of the Sixth Amendment to the United States Constitution. (*People v. Oregon* (June 25, 2013, F062593) [nonpub. opn.] pp. 12–13, 20.) A jury convicted defendant of counts 1 through 4, and 8 again at retrial on January 9, 2014.

The trial court sentenced defendant on consecutive terms of 15 years to life in prison, plus 20 years (§ 12022.53, subds. (c), (e)(1)) on counts 1 and 2, and an aggregate term of nine years on counts 8 and 9 (the sentences on counts 3 and 4 were stayed pursuant to section 654), for a total sentence of 79 years to life in prison.[4] We affirmed defendant's conviction on January 15, 2016. (*People v. Oregon*, *supra*, F068964.)

Defendant filed a petition pursuant to section 1172.6, alleging that he had been convicted of attempted first degree murder under the natural and probable consequences doctrine but would not be convicted of murder if tried today because of changes to sections 188 and 189. The prosecution opposed the petition and argued that defendant was ineligible for relief as a matter of law because the jury specially found that the victims were police officers (§ 664, subd. (e)) and that the attempted murder was committed with premeditation and deliberation (§ 189).

Defendant's attorney argued that defendant's petition met the burden of a prima facie case based upon *People v. Flint* (2022) 75 Cal.App.5th 607, a case holding that the trial court engaged in improper factfinding at the prima facie stage when evaluating whether a defendant convicted of felony murder was ineligible for relief because he had been convicted of direct aiding and abetting the felony and should have known the victim was a police officer. (*Id*. at p. 612.) The prosecution argued that defendant was not entitled to relief because section 189, subdivision (e), the felony-murder rule, does not apply where the defendant knew or reasonably should have known that the victim was a peace officer. Relying on *People v. Hernandez* (2021) 60 Cal.App.5th 94, abrogated on another ground by *People v. Lewis* (2021) 11 Cal.5th 952, 961-962 (*Lewis*), the court denied defendant's petition on January 11, 2023, finding as a matter of law that he was not entitled to relief.

---

**4**     The trial court had also imposed a one-year sentence pursuant to section 667.5 that we ordered stricken based on double jeopardy grounds. (*People v. Oregon* (January 15, 2016, F068964) [nonpub. opn.] at p. 21.)

Defendant filed this timely appeal on January 20, 2023.

## DISCUSSION

### I.     *Applicable Law and Standard of Review*

#### a.     **Murder/Attempted Murder**

Murder is the unlawful killing of a human being with malice aforethought.  (§ 187, subd. (a).)  Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); accord, *People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)  "Outside of the felony-murder rule, 'a conviction for murder requires that a person act with malice aforethought.  A person's culpability for murder must be premised upon that person's own actions and subjective mens rea.' " (*Curiel*, at p. 448, quoting Stats. 2018, ch. 1015, § 1(g).)

As to the felony-murder rule, Senate Bill 1437 amended section 189 by adding subdivision (e), which provides that a participant in specified felonies is liable for murder if a death occurs during its course only if the participant was (1) the actual killer, (2) a participant who aided and abetted the actual killer in committing murder in the first degree with the intent to kill, or (3) a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2.  (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)  Section 189, subdivision (e) does not apply if the victim was a peace officer killed while in the performance of their duties. (§ 189, subd. (f).)

Senate Bill 1437 also amended the natural and probable consequences doctrine by requiring that a principal in a crime act with malice aforethought before they may be

convicted of murder. (§ 188, subd. (a)(3); accord, *Curiel*, *supra*, 15 Cal.5th at p.449.) "One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*Curiel*, at p. 449.) In Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, the Legislature amended the language of section 1172.6 to expand the scope of the petitioning procedure to defendants convicted of attempted murder or manslaughter under a now prohibited theory.

     **b.**     **Applicable Law Regarding Section 1172.6**

Senate Bill 1437 also enacted former section 1170.95 (now § 1172.6) that provides a procedure for persons convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief. (*Curiel*, *supra*, 15 Cal.5th at p. 449.) In 2021, the Legislature amended the statute to expand the offenders eligible for resentencing to those who were convicted under any other theory where malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter. (Stats. 2021, ch. 551, § 1.) The Legislature also amended section 1172.6 to codify the holdings of *Lewis*, *supra*, 11 Cal.5th at pages 961–970 as to a defendant's right to counsel and the standard for determining the existence of a prima facie case, and clarified the procedure and burden of proof at the evidentiary stage of the proceedings. (Stats. 2021, ch. 551, § 1(b).)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the court must determine whether the petitioner has made a prima facie showing that they are entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Curiel*, *supra*, 15 Cal.5th at p. 450.) Our Supreme Court recently explained that a petitioner's allegation that they could not currently be convicted of a homicide offense due to the 2019 changes to sections 188 or 189 "puts at issue all elements of the offense

under a valid theory." (*Curiel*, at p. 462.) Therefore, a petitioner's allegation is not refuted "unless the record conclusively establishes every element of the offense." (*Id*. at p. 463.) When deciding whether a petitioner has established a prima facie case of eligibility, the court may rely on the record of conviction but "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at. at p. 972.)

"If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Curiel*, *supra*, 15 Cal.5th at p. 450.) If the trial court determines the petitioner has met their prima facie burden, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1); accord, *Curiel*, at p. 450.)

### c.　Standard of Review

"We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; see *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [dismissal at the prima facie stage " ' "is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law,' " ' " which " ' "is a purely legal conclusion … we review de novo" ' "].)

## II.　*Jury Instructions*

The court instructed the jury with: CALJIC No. 8.66, the elements of attempted murder; CALJIC No. 8.67, the elements for willful, deliberate, and premeditated murder; CALJIC No.8.68, defendant should have known the victim was a peace officer; CALJIC No. 3.01, direct aiding and abetting; CALJIC No. 3.02, attempted murder as a natural and probable consequence of the crimes of reckless driving, permitting someone to shoot

from a vehicle, or shooting at an occupied vehicle;[5] CALJIC No. 6.10.5, an uncharged conspiracy to commit robbery or assault; and CALJIC No. 6.11, liability for murder and assault upon an uncharged conspiracy to commit the crimes of robbery and assault and murder as the natural and probable consequence of the conspiracy.

## III. *Analysis*

Pursuant to section 1172.6, subdivision (a), defendant filed a declaration that alleged (1) the information in his case allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine; (2) he was convicted of attempted murder following a trial, and (3) he could not presently be convicted of attempted murder because of changes to section 188 or 189 made effective January 1, 2019.  Defendant's jurors were instructed that he could be convicted of attempted murder based upon aiding and abetting under the natural and probable consequences doctrine.

In light of the fact that the jury was given a natural and probable consequences instruction, the record of conviction does not preclude the possibility that defendant was convicted under this now-invalid theory, and the trial court therefore erred in summarily denying the petition.  (See *People v. Offley* (2020) 48 Cal.App.5th 588, 599 [trial court instructed the jury on natural and probable consequences, and the appellate court found it could not rule out the possibility the jury relied on such doctrine in convicting the defendant].)

---

**5**     As to the natural and probable consequence theory, the trial court instructed the jury that if defendant committed or aided and abetted the commission of reckless evading, permitting someone to shoot from a vehicle, or shooting at an occupied vehicle, then defendant would be guilty of attempted deliberate murder or assault with a semi-automatic firearm on a police officer if a co-principal committed those crimes and they were a natural and probable consequence of the commission of the crimes of reckless evading, permitting someone to shoot from a vehicle, or shooting at an occupied vehicle.

The prosecution argued in their opposition to defendant's petition that the jury necessarily found defendant acted with intent to kill by finding that he acted willfully, deliberately, and with premeditation. However, the first degree attempted murder instruction did not require the jury to find that defendant *personally* acted with intent to kill before it could find him guilty of first degree attempted murder.[6] Therefore, the jury could have found that the actual perpetrator acted willfully, deliberately, and with premeditation, and imputed that intent to defendant.

Therefore, defendant met his prima facie burden, and the trial court should have issued an order to show cause and held a hearing to determine whether to vacate the murder conviction and resentence defendant on any remaining counts. (§ 1172.6, subds. (c), (d)(1); see *Curiel*, *supra*, 15 Cal.5th at p. 450.) However, the court denied defendant relief based upon *People v. Hernandez*, *supra*, 60 Cal.App.94,[7] which held that the limitations to the felony murder rule in section 189 did not apply to felony murder involving the death of a police officer. Defendant was charged with attempted murder, not murder, and California does not recognize the crime of attempted felony murder. (*People v. Billa* (2023) 31 Cal.4th 1064, 1071, fn. 4.) Accordingly, the court erred in summarily dismissing the petition based upon *Hernandez* and section 189, subdivisions (e) and (f).

---

**6**     The trial court instructed, in pertinent part: "It is also alleged in [c]ounts [1] and [2] that the crime attempted was willful, deliberate, and premeditated murder. If you find [defendant] guilty of attempted murder, you must determine whether this allegation is true or not true," and "[i]f you find that the attempted murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is attempt to commit willful, deliberate, and premeditated murder."

**7**     We note defendant's attorney first relied on the case law applicable to felony murder, and the prosecutor failed to discern that felony murder was not a theory applicable to defendant's case.

**DISPOSITION**

The trial court's January 11, 2023 order dismissing the petition is reversed and the matter is remanded with directions to issue an order to show cause and conduct such further proceedings as necessary pursuant to section 1172.6.